```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


PHYLLIS AND ANTHONY CULOTTA,          CIVIL ACTION
RONDA ROTUNDA AND ALBERT
ALVAREZ

VERSUS                                NO. 06-8266

STATE FARM FIRE AND CASUALTY          SECTION "R"(5)
COMPANY
```

## ORDER AND REASONS

Before the Court is plaintiffs' motion to remand this matter to state court. For the following reasons, the Court DENIES plaintiffs' motion.

### I.  BACKGROUND

Plaintiffs suffered damage to their properties during Hurricane Katrina and, as a result, have sued their homeowner's insurance carrier. Plaintiffs filed their action in Louisiana state court, and defendant State Farm then removed it to this Court. Plaintiffs now seek to remand this matter. Defendant opposes this motion, asserting that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332. The parties disagree as to

whether the amount in controversy is satisfied under the requirements of Section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).  When the Court finds that it has jurisdiction over a case on this basis, the Court need not address defendants' alternative theories for why federal jurisdiction is appropriate in that matter.

## II.  LEGAL ANALYSIS

### A.  Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's

jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

    **B.**    **Jurisdictional Amount**

Plaintiffs sued State Farm for breach of contract after it allegedly failed to pay the amount to which plaintiffs were entitled under their homeowner's policies.  Specifically, in their state court petition, plaintiffs contend that State Farm is liable for the policy limits of plaintiffs' total losses under Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695.  (R. Doc. 1-2, at ¶ XIV).  State Farm has submitted unrebutted evidence that indicates plaintiffs' potential contested losses are as follows:

| Homeowner | Total Policy Limits | Amount Paid | Remaining Loss |
|---|---|---|---|
| Anthony and Phyllis Culotta | $235,523 | $21,100.99 | $214,422.01 |
| Ronda Rotunda | $152,585 | $9,048.72 | $143,536.28 |
| Anthony Alvarez 2022 Walker Lane | $69,365 | $6,248.50 | $63,116.50 |
| Anthony Alvarez 2026 Walker Lane | $247,735 | $4,800.51 | $242,934.49 |

(R. Doc. 12-2).  Thus, it is facially apparent that the amount in controversy as to three of the four plaintiffs' properties

3

exceeds $75,000.[1]

Moreover, plaintiffs also seek statutory penalties and attorney's fees under La. Rev. Stat. §§ 22:1220 and 22:658. The Court is to consider claims for these items when it assesses the amount in controversy. *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002). Under Section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La. Rev. Stat. § 22:1220; *see Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995) (holding that a plaintiff must show damages arising from the breach to recover any more than $5,000). Under section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30

---

[1] The Court also takes note of that fact that the Culottas and Rotunda are named plaintiffs in a putative class action currently pending before this Court. *See Terrebonne et al. v. Allstate Ins. Co. et al.*, Civ. Docket No. 06-4697. In that action, plaintiffs filed substantially similar claims for their homeowner's policy limits under La. Rev. Stat. § 22:695. Plaintiffs averred in the *Terrebonne* complaint that the amount in controversy as to their VPL claims exceeds $75,000.

days of satisfactory proof of loss.  La. Rev. Stat. § 22:658 (emphasis added).  Adding the value of these claims to the property damage alleged by Anthony Alvarez, it is evident that the amount in controversy as to his property located at 2022 Walker Lane also exceeds $75,000.

   Finally, plaintiff Ronda Rotunda's post-removal affidavit, in which she stipulates that "her damages are less than $75,000," is insufficient to deprive the Court of jurisdiction over this matter once it has been properly established.  First, it does not clarify an amount-in-controversy figure that was ambiguous as of the time of removal, and thus it is not properly considered by the Court on a motion to remand.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper).  Second, even if the Court were to consider plaintiff's stipulation in its jurisdictional analysis, it does not renounce the right to enforce a judgment in an amount greater than $75,000, and therefore fails to establish that Rotunda could not recover more than the jurisdictional amount as a matter of law. *See Engstrom v. L-3 Communications Gov't Svcs., Inc.*, 2004 WL

5

2984329, *5 (E.D. La. Dec. 23, 2004).

Accordingly, the Court finds that it has jurisdiction of this matter.  Plaintiffs' motion to remand is denied.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand.

New Orleans, Louisiana, this <u>27th</u> day of March, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE